# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

ERICA D. KITTLES,

    Plaintiff,

v.

HEALTH CARE STAFFING, INC.,
VANESSA SHEARER, BONITA MIKEL,
and CINDY ACKERMAN,

    Defendants.

CV 213-138

## ORDER

Presently before the Court is Defendant Vanessa Shearer's ("Shearer") Bill of Costs. Dkt. No. 49. Upon due consideration, Shearer's Bill of Costs is **GRANTED in part**.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 20, 2013, Plaintiff Erica Kittles ("Kittles") filed a Complaint (Dkt. No. 1) against Defendants Shearer, Health Care Staffing, Inc. ("HCS"), Bonita Mikel ("Mikel") and Cindy Ackerman ("Ackerman"). Kittles alleged that Shearer—along with HCS, Mikel, and Ackerman—deprived her of her rights and privileges while conspiring against her, in violation of 42 U.S.C. § 1985(3). Shearer filed a Motion for Summary Judgment (Dkt. No. 29) on August 18, 2014. Following extensive briefing

from the parties, the Court granted Defendants' Motion for Summary Judgment (Dkt. No. 47) on March 18, 2015.

Shortly thereafter, on April 17, 2015, Shearer filed a Bill of Costs, requesting that Kittles pay certain Fees as the non-prevailing party in the lawsuit, namely:

> (1) Fees for service of summons and subpoena; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing; and (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

Dkt. No. 49, p. 1. Counsel for Kittles objected to Shearer's request, arguing that Kittles is indigent. Dkt. No. 50, p. 3. Counsel for Kittles avers that she did not have the money to pay the initial filing fees in this case and that she does not currently have the money to pay Shearer's requested costs. Id. Now pending before the Court is Shearer's Bill of Costs (Dkt. No. 49), which the Court **GRANTS in part** for the reasons set forth below.

### LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that a court should award costs to a prevailing party "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). Rule (54)(d) of the Federal Rules of Civil Procedure thus creates a presumption of an award of costs

to a prevailing party. Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc). The non-prevailing party, however, bears the burden of demonstrating that a challenged cost is not taxable. Sensormatic Elecs. Corp v. Tag Co., No. 06-81105, 2009 WL 3208649, at *2 (S.D. Fla. Oct. 2, 2009) (citing E.E.O.C. v. W & O, Inc., 213 F.3d 600, 621 (11th Cir. 2000)).

"[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." Chapman, 229 F.3d at 1039. Although a court may consider the non-prevailing party's financial circumstances, "a court may not decline to award any costs at all." Id. Thus, to properly raise the issue of a litigant's financial circumstances before the court, counsel must provide the court with "substantial documentation of a true inability to pay." Id. Conversely, to defeat the presumption and deny costs on the basis of the litigant's inability to pay, a district court "*must* give a reason for its denial of costs." See Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995) (citing Gilchrist v. Bolger, 733 F.2d 1551, 1557 (11th Cir. 1984) (emphasis in original)); Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). Notwithstanding the above, the Eleventh Circuit has held that a court should only consider the financial circumstances of a non-prevailing party in "rare

3

circumstances" because a "foundation of the legal system [is] that justice is administered to all equally, regardless of wealth or status." Chapman, 229 F.3d at 1039 (internal quotations omitted).

## DISCUSSION

Shearer asks the Court to assess $1,171.58 in costs against Kittles. This Court notes however, that Kittles is a litigant who proceeded in forma pauperis ("IFP") during the course of this litigation. See Dkt. No. 6. The Eleventh Circuit has held that it is proper for a court to assess costs against an IFP litigant. See Harris v. Forsyth, 742 F.2d 1277, 1277-78 (11th Cir. 1984) (holding that appellate costs may be awarded under Fed. R. App. P. 39 against an unsuccessful IFP litigant); see also 28 U.S.C. § 1915(f)(1) ("Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings."). Notably, courts in this Circuit have provided some relief for IFP litigants upon consideration of their financial circumstances. See, e.g., Moreland v. Miller, No. 13-2-579, 2014 WL 2795473, at *1 (N.D. Ala. May 29, 2014) (reducing the costs for IFP litigants from $1,274.45 to $318.61 in accordance with the court's prior reduction of their filing fee by one fourth, from $400 to $100.); Daughtry v. Army Fleet Support, LLC, No. 1:11-cv-153, 2014 WL 466109, at *3-4 (M.D. Ala. Feb. 5, 2014) (awarding a reduction in costs from $20,000

to $3,000 where the litigant submitted an affidavit explaining that he is unemployed, that he faces homelessness due to the initiation of foreclosure proceedings against him, and that he is unable to purchase necessary medication because he lacks health insurance); but see Washington v. Verizon Commc'ns, Inc., No. 3:11-cv-29, 2012 WL 2192171, at *1 (M.D. Ga. June 14, 2012) (declining to tax costs against an IFP litigant where the court waived the cost of the filing fee).

In determining whether Kittles has the ability to pay the requested costs, this Court evaluates Kittles' financial circumstances. See Dkt. No. 4. Kittles is currently employed and she works at least forty hours per week, in addition to her part-time employment. Dkt. No. 50, pp. 1-2; see also Dkt. No. 29-3, 33:6-35:7. A review of her IFP application reveals that Kittles has a balance of approximately $1,180 after covering her basic living expenses. Dkt. No. 4. This Court further notes that Kittles supports herself and three children, two of whom have reached the age of majority. This Court, in an Order dated September 24, 2013, waived Kittles' court fees or costs due to her financial status. Dkt. No. 6. While this Court empathizes with Kittles' financial circumstances, it is clear that she is not unable to pay a fraction of Shearer's requested costs. Accordingly, an assessment of costs in the amount of $786.65 would serve the dual purpose of "provid[ing] deterrence both to

[Plaintiffs] specifically and litigants generally regarding the pursuit of non-meritorious cases," Daughtry, 2014 WL 466109, at *4, and of awarding costs, as this Court must, in an amount commensurate with her ability to pay.

## CONCLUSION

For the reasons set forth above, Shearer's Bill of Costs (Dkt. No. 49) is **GRANTED in part**. The Court awards Shearer two-thirds of her requested costs as Kittles' financial circumstances warrant a reduction in the amount taxed. Accordingly, the Clerk of Court is thus **AUTHORIZED** and **DIRECTED** to tax costs in the amount of **$786.65** for Shearer's costs of litigation.

**SO ORDERED**, this 6TH day of November, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA